**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 11-4437**

———————

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

    v.

ROBERT PAIGE LEE,

               Defendant - Appellant.

———————

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  James A. Beaty, Jr., Chief District Judge.  (1:09-cr-00382-JAB-1)

———————

Submitted:  November 4, 2011     Decided:  November 17, 2011

———————

Before MOTZ, KING, and DUNCAN, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

C. Burell Shella, C. BURELL SHELLA, PC, Durham, North Carolina, for Appellant.  Michael Francis Joseph, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Robert Paige Lee appeals from the district court's judgment and commitment order finding Lee violated the terms of supervised release, revoking his supervised release and sentencing him to eleven months' imprisonment and twenty-five months' supervised release. Lee's counsel filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), asserting there are no meritorious arguments for appeal but raising for the Court's consideration whether the sentence was an abuse of discretion. Lee was informed of the opportunity to file a pro se supplemental brief, but chose not to do so. The Government declined to file a brief.

A sentence imposed after revocation of supervised release should be affirmed if it is within the applicable statutory maximum and not plainly unreasonable. United States v. Crudup, 461 F.3d 433, 439-40 (4th Cir. 2006). This court first considers whether the sentence is unreasonable. Id. at 438. "This initial inquiry takes a more deferential appellate posture concerning issues of fact and the exercise of discretion than reasonableness review for guideline sentences." United States v. Moulden, 478 F.3d 652, 656 (4th Cir. 2007) (applying same standard of review for probation revocation as for supervised release revocation) (internal quotation marks omitted). This court should affirm if the sentence is not

2

unreasonable. Crudup, 461 F.3d at 439. Only if a sentence is found procedurally or substantively unreasonable will this court "decide whether the sentence is *plainly* unreasonable." Id.

In reviewing for reasonableness, this court "follow[s] generally the procedural and substantive considerations that [are] employ[ed] in [the] review of original sentences, . . . with some necessary modifications to take into account the unique nature of supervised release revocation sentences." Crudup, 461 F.3d at 438-39 (alterations added) (citation omitted). A sentence imposed upon revocation of release is procedurally reasonable if the district court considered the Chapter Seven policy statements and the 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2011) factors that it is permitted to consider. See 18 U.S.C. § 3583(e) (2006); Crudup, 461 F.3d at 438-40. Relevant factors include: "the nature and circumstances of the offense and the history and characteristics of the defendant," 18 U.S.C.A. § 3553(a)(1), and the need for the sentence "to afford adequate deterrence to criminal conduct, . . . protect the public from further crimes of the defendant, . . . . [and] provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. . . ." 18 U.S.C.A. §§ 3553(a)(2)(B)-(D). A sentence imposed upon revocation of release is substantively reasonable if the district court stated

3

a proper basis for concluding that the defendant should receive the sentence imposed, up to the statutory maximum. Crudup, 461 F.3d at 440. The district court "ultimately has broad discretion to revoke its previous sentence and impose a term of imprisonment up to the statutory maximum[.]" Crudup, 461 F.3d at 439 (internal quotation marks omitted).

It was correctly noted by the district court that Lee faced a statutory maximum of two years' imprisonment. See 18 U.S.C. § 3583(e)(3). Because Lee admitted to testing positive for marijuana use three times or more in a one year period, the court was directed to revoke Lee's supervised release and require he serve a term of imprisonment. See 18 U.S.C. § 3583(g). Under the Sentencing Guidelines Chapter Seven policy statement, Lee's range of imprisonment was five to eleven months. See U.S. Sentencing Guidelines Manual § 7B1.4(a). In addition, because the court sentenced Lee to eleven months and the maximum period of supervised release for the conviction was three years, the court was authorized to impose up to a twenty-five month term of supervised release. See 18 U.S.C. § 3583(h).

We conclude that the eleven month sentence was procedurally reasonable because the district court acknowledged it considered the Guidelines policy range and the § 3553(e) sentencing factors. Furthermore, the court stated appropriate reasons for ordering Lee serve an eleven month sentence, noting

4

his continued drug use and his unwillingness to participate in mental health counseling. We further conclude that because the court stated appropriate reasons for imposing a sentence at the high end of the advisory Guidelines, the sentence was substantively reasonable.

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment and commitment order. This court requires that counsel inform Lee, in writing, of the right to petition the Supreme Court of the United States for further review. If Lee requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Lee. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>